UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE DISTRICT OF COLUMBIA, for the use and
benefit of JW & ASSOCIATES OF
LAKELAND (SAFETY), LLC, a Florida
limited liability company,
4697 Lathloa Loop,
Lakeland, FL 33811

    Plaintiff,                                               Civil Action No. 21-2177

vs.

LIBERTY MUTUAL INSURANCE COMPANY,
BERKSHIRE HATHAWAY SPECIALTY
INSURANCE COMPANY, FIDELITY AND
DEPOSIT COMPANY OF MARYLAND,
ZURICH AMERICAN INSURANCE COMPANY,
and NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

    Defendants.
_____/

**COMPLAINT**

Plaintiff, DISTRICT OF COLUMBIA, for the use and benefit of JW & ASSOCIATES OF LAKELAND (SAFETY), LLC, a Florida limited liability company, sues Defendants LIBERTY MUTUAL INSURANCE COMPANY, BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, ZURICH AMERICAN INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and alleges:

**Jurisdictional Statement**

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

**Jurisdictional Allegations**

1. This action is brought in the name of the District of Columbia for the use and benefit of JW & ASSOCIATES OF LAKELAND (SAFETY), LLC ("JW" or "Plaintiff") to recover amounts due pursuant to a payment bond under the provisions of D.C. Code § 2-201.02.

2. Plaintiff is a Florida limited liability company with its principal place of business being located at 4697 Lathloa Loop, Lakeland, Florida.

3. Defendant LIBERTY MUTUAL INSURANCE COMPANY is a Massachusetts corporation that maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts, and is a principal on the payment bond that is the subject of this action.

4. Defendant BERKSHIRE HATHAWAY SPECIALTY INSURANCE COMPANY is a Nebraska corporation that maintains its principal place of business at 1314 Douglas Street, Suite 1400, Omaha, Nebraska, and is a principal on the payment bond that is the subject of this action.

5. Defendant FIDELITY AND DEPOSIT COMPANY OF MARYLAND is an Illinois corporation that maintains its principal place of business at 1299 Zurich Way, Schaumburg, Illinois, and is a principal on the payment bond that is the subject of this action.

6. Defendant ZURICH AMERICAN INSURANCE COMPANY is a New York corporation that maintains its principal place of business at 1299 Zurich Way, Schaumburg, Illinois, and is a principal on the payment bond that is the subject of this action.

7. Defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA is a Pennsylvania corporation that maintains its principal place of business at 175 Water Street, 18th Floor, New York, New York, and is a principal on the payment bond that is the subject of this action.

8. This is an action for damages in excess of $75,000, exclusive of interest, costs and attorney's fees, pursuant to D.C. Code § 2-201.02(a) for recovery against a payment bond furnished pursuant to D.C. Code § 2-201.01(a) for non-payment of sums justly due Plaintiff for materials and labor supplied on a construction project in the District of Columbia.

9. The District of Columbia is nominally named as a plaintiff pursuant to the directives of D.C. Code § 2-201.02(b).[1]

10. This court possesses personal jurisdiction over defendants as each has engaged in substantial and not isolated activities in the District of Columbia.

## Venue

11. Venue lies in the District of Columbia pursuant to the provisions of 28 U.S.C. § 1391(b)(2) because this was the district in which a substantial part of the events or omissions giving rise to the claim occurred.

## GENERAL ALLEGATIONS

12. Salini Impregilo S.A Healy JV ("Salini"), as general contractor, entered into that certain Agreement identified as Contract No. 140150 dated July 10, 2017 (the "Prime Contract") with the District of Columbia Water and Sewer Authority (hereinafter the "District" or "Owner") to perform certain improvements known as the Northeast Boundary Tunnel Project, located in the District of Columbia (the "Project").

---

[1] Notwithstanding the direction in D.C. Code § 2-201.02(b) that a suit pursuant to that section "shall be brought . . . in the Superior Court of the District of Columbia," this Court nevertheless has jurisdiction under 28 U.S.C. § 1332(a)(1) based on the diversity of citizenship of the parties. *See District of Columbia ex rel. American Combustion, Inc. v. Transamerica Ins. Co.,* 797 F.2d 1041, 1046-1047 (D.C. Cir. 1986).

13. Salini, as principal, and Defendants, collectively, as surety, furnished a payment bond pursuant to D.C. Code § 2-201.01(a) (the "Bond"), a true and correct duplicate of which is attached hereto and incorporated herein by reference as **Exhibit A**.

14. Under the terms of the Bond, Salini, as principal, and Defendants, collectively, as surety, bound themselves jointly and severally for the use and benefit of all persons supplying labor, materials and equipment for the construction and completion of the Project.

15. Salini subcontracted a portion of its work under the Prime Contract to JW. On or about June 29, 2018, Salini and Plaintiff entered into Subcontract No. 140150-0023 in the original amount of $413,580.00 (the "Subcontract"). A true and correct duplicate of the Subcontract between Plaintiff and Salini is attached hereto and incorporated herein by reference as **Exhibit B.**

16. Plaintiff's scope of work under the Subcontract included providing professional, technical, or expert services in support of Salini's drilling operations, including without limitation medical screening, regulatory oversight for all hyperbaric-related services, hyperbaric setup and maintenance, hyperbaric intervention staff and oxygen supply for workers on site.

17. Throughout the course of Plaintiff's performance on the Project, Plaintiff and Salini entered into a series of change orders which adjusted the contract price of the Subcontract from $413,580 to $447,155.28.

18. In late 2020, Salini directed Plaintiff to mobilize to the site in January for a hyperbaric intervention in connection with the Project to support Salini's drill rig maintenance operations.

19. In compliance with Salini's direction, and pursuant to the terms of the Subcontract, including its provisions for compensation for additional services beyond the original scope of work, JW mobilized to the site to perform hyperbaric intervention services. JW's crew was

mobilized to the site and available to perform hyperbaric intervention services as needed from January 11, 2021 through and including January 24, 2021, which crew also incurred travel time on January 10, 2021 (to travel to the job site) and again on January 25, 2021 (to return from the job site) (collectively, the "January Hyperbaric Intervention Services").

20. JW fully performed its obligations under the Subcontract, all change orders and Salini's directives, including but not limited to the additional hyperbaric intervention services hours beyond the quantities originally included in the scope of the Subcontract, which services were necessarily incurred to support Salini's drill rig maintenance activities and the safety of the workers engaged in those activities, and were incurred pursuant to Salini's express directive.

21. JW invoiced Salini for the January Hyperbaric Intervention Services. However, Salini failed and refused to pay the full amount due for said services.

22. Plaintiff furnished the last of its labor and materials within one year of this action.

23. All conditions precedent to the maintenance of this action have been performed, waived or otherwise have been satisfied or occurred.

24. Plaintiff has retained undersigned counsel to represent it in this action and is obligated to pay reasonable attorneys' fees for their services rendered herein.

## COUNT I
### (Action on D.C. Code § 2-201.02(a) Payment Bond)

25. Plaintiff re-alleges the allegations of paragraphs 1 through 24 above and incorporates same herein by reference.

26. This is an action authorized under Code of the District of Columbia § 2-201.02(a) for damages pursuant to a statutory payment bond.

27. Plaintiff has fully performed its obligations under the Subcontract as amended.

28. Plaintiff is due $203,040.64 for the January Hyperbaric Intervention Services,

which is the net due of the original balance of $521,602.47 for said services after application of Salini's partial payment in the amount of $318,561.83.

29. Plaintiff is also due interest at a rate of 1.5% per month on the unpaid balance, together with its costs and disbursements, including reasonable attorney's fees, in accordance with Code of the District of Columbia § 27-135.

30. This lawsuit has been timely filed within one year of the day on which the last labor was performed and materials were supplied by Plaintiff to the Project.

31. Defendants are in breach of their obligations under the Bond for failure to pay the amounts due and owing to Plaintiff.

32. Plaintiff is entitled to judgment against Defendants jointly and severally for all amounts due for work performed on the Project, in accordance with their obligations under the Bond.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, together with costs, prejudgment interest, attorneys' fees and such further and other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 16th day of August, 2021.

GRAYROBINSON, P.A.

By: */s/ Reese J. Henderson, Jr.*
Reese J. Henderson, Jr.
Florida Bar No. 0969273
50 N. Laura Street, Suite 1100
Jacksonville, FL 32202
Telephone: (904) 598-9929
Facsimile: (904) 598-9109
Primary email:
reese.henderson@gray-robinson.com

Secondary email:
maria.daniels@gray-robinson.com
Attorneys for Plaintiff JW & Associates of Lakeland (Safety), LLC

– and –

BURNHAM & GOROKHOV, PLLC.

By:   */s/ Eugene Gorokhov*
Eugene Gorokhov, Esq.
D.C. Bar ID No. 979785
1424 K Street NW, Suite 500
Washington, DC 20005
Telephone: (202) 386-6920
Facsimile: (202) 765-217
E-mail: eugene@burnhamgorokhov.com
Attorney for Plaintiff JW & Associates of Lakeland (Safety), LLC